UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KENNETH MARTIN,<br><br>            Plaintiff,<br><br>   v.<br><br>DETECTIVE RAINS, *et al.*,<br><br>            Defendants. | Case No. 5:20-cv-00883-FMO (AFM)<br><br>**ORDER TO SHOW CAUSE** |

       On April 24, 2020,[1] plaintiff filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Complaint was accompanied by a Request to Proceed Without Prepayment of Filing Fees or *In Forma Pauperis* ("IFP"), which was subsequently granted. Plaintiff is a detainee who is presently being held at the Patton State Hospital, in Patton, California. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court has screened the pleading to determine whether plaintiff's Complaint is

---

[1] On April 7, 2020, plaintiff lodged for filing another *pro se* action: *Martin v. People*, Case No. 5:20-cv-00722-UA. That action is a Petition for Writ of Mandamus, but it has yet to be filed because plaintiff failed to either pay the required filing fees or file a request to proceed without prepayment of the filing fees. In the present civil rights action, Case No. 5:20-cv-00883, plaintiff states that his Petition for Writ of Mandamus alleges that he "has been unjustifiably deemed as incompetent and committed to a mental hospital." (ECF No. 1 at 10.)

frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. Section 1915(e)(2) pertains to any civil action by a litigant who is seeking to proceed IFP. *See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193, 1194 (9th Cir. 2015); *Lopez v. Smith*, 203 F.3d 1122, 1127 n.7 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints" and district courts should "dismiss a complaint that fails to state a claim upon which relief may be granted") (en banc). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Further, because plaintiff is appearing *pro se* in this action, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See, e.g., Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B), courts apply the standard of Fed. R. Civ. P. 12(b)(6)).

In the Complaint, plaintiff names as defendants Los Angeles Police Department Detective Rains, Los Angeles County Deputy District Attorney Lieberman, the Los Angeles County District Attorney's Office, the City of Los Angeles ("City"), and the Los Angeles County Sheriff's Department. (ECF No. 1 at 1, 13-14.) Plaintiff raises four claims. In his "Claim I," plaintiff alleges that he was "unjustifiably arrested and imprisoned under the false pretense that the plaintiff tried to kill someone" and that Detective Rains failed to "comply with subpoena requests."

(*Id.* at 15.) In his "Claim II," plaintiff alleges the prosecutor filed "frivolous charges against plaintiff," obtained evidence "unethically" or "unlawfully," and withheld evidence from plaintiff. (*Id.* at 13, 16.) In his "Claim III," plaintiff alleges that the City endangered plaintiff by "employing vehicles that fly in [sic] low altitudes" without informing the "public of said vehicles" and that a "trial judge retaliated" against plaintiff and "committed him to a mental hospital." (*Id.* at 17.) In his "Claim IV," plaintiff claims that his "property bag" was "stolen" while in custody, he was "denied access to courts and phones," he was harassed and "attacked," and he was "denied access to showers and running water." (*Id.* at 18.) Plaintiff also alleges that there is "no evidence" to support the charges against him (*id.* at 1-2); that "the courts have maliciously raised a doubt as to the plaintiff's mental competancy [sic]" (*id.* at 7); that he is serving "unnecessary time at Patton State Hospital" (*id.*); and that "standby council" "tried to enter a plea . . . [of] not guilty by reason of insanity" without plaintiff's consent (*id.*). Plaintiff seeks monetary damages (*id.* at 1, 3, 5, 19) and injunctive relief that includes dismissal of the "attempted murder" charge pending against plaintiff and to have plaintiff "be deemed competent" (*id.* at 19).

"Absent extraordinary circumstances, interests of comity and federalism instruct [federal courts] to abstain from exercising our jurisdiction in certain circumstances when . . . asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (internal quotation marks omitted, alterations in original). "A federal court may abstain under *Younger*[2] in three categories of cases: (1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (internal quotation marks omitted). It has long been clear that "*Younger* preclude[s] federal intrusion

---

[2] *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).

into ongoing state criminal prosecutions." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). In addition, "state civil proceedings that are akin to criminal prosecutions" warrant abstention, and federal courts should not interfere with "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint,* 571 U.S. at 72, 78 (internal quotation marks omitted, alteration in original). To the extent a plaintiff in a civil rights action seeks damages under § 1983 arising from a pending state criminal case, such claims should be stayed. *See Gilbertson v. Albright*, 381 F.3d 965, 979-80 (9th Cir. 2004) (en banc) (holding that *Younger* principles may apply to claims for damages under § 1983, but federal courts should stay the federal action until the state proceeding has been completed). Federal courts may raise the abstention doctrine *sua sponte*. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Columbia Basin Apt. Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (the *Younger* doctrine may be raised *sua sponte* at any time in the proceedings).

Plaintiff's Complaint indicates that the state court criminal action against plaintiff is ongoing. Plaintiff alleges that he has been charged with attempted murder, that he has been "unjustifiably deemed as incompetant [sic]" and "committed . . . to a mental hospital," and that he is serving "unnecessary time at Patton State Hospital" where he is presently being held. (ECF No. 1 at 7, 10, 16-17). Under California law, if a criminal defendant is found not mentally competent to stand trial following a competency hearing, criminal proceedings are suspended while the defendant is committed to a state hospital for treatment. *See* Cal. Penal Code §§ 1368, 1372. Because plaintiff seeks injunctive relief to dismiss pending criminal charges after having been committed to a state hospital, it is clear that a final judgment has not been entered in plaintiff's state court criminal action. *See, e.g., Jackson v. Superior Court*, 4 Cal. 5th 96, 105 (2017) (noting that under Cal. Penal Code § 1372, a defendant who has regained competence should be returned to the court for criminal proceedings to resume); *Page*, 932 F.3d at 902 (where "no final judgment has been

entered in state court, the state court proceeding is plainly ongoing for purposes of *Younger*" (internal quotation marks omitted)). Further, the Superior Court proceeding that resulted in a finding that plaintiff was mentally incompetent to stand trial is an on-going proceeding that is not criminal in nature; rather, it is a quasi-criminal proceeding that strongly implicates the state's interest in enforcing its orders. *See, e.g., Sprint*, 571 U.S. at 82; *Bark v. Patton State Hosp.*, 2019 U.S. Dist. Lexis 187689, at *18-*22 (C.D. Cal., Sept. 24, 2019) (*Younger* abstention applicable where petitioner had been found to be mentally incompetent to stand trial and committed to a state hospital because the criminal case "has been paused while petitioner remains committed in the state hospital" and state criminal proceedings remain ongoing), *adopted by* 2019 U.S. Dist. Lexis 187632 (C.D. Cal., Oct. 29, 2019); *In re Taitano*, 13 Cal. App. 5th 233, 239-40 (Cal. App. 2017) (explaining California's statutory scheme providing that a person "who is mentally incompetent to stand trial" cannot be tried or convicted); *People v. Quiroz*, 244 Cal. App. 4th 1371, 1379 (Cal. App. 2016) (in California, a competency hearing is a "special proceeding, not a criminal action").

Accordingly, it appears that plaintiff's claims herein that seek dismissal of the state criminal charges pending against plaintiff or the reversal of the state's finding that plaintiff is mentally incompetent to stand trial fall within the *Younger* abstention doctrine, and this Court must abstain from interfering in the pending state court proceedings.

In addition, plaintiff's claims against the Los Angeles County District Attorney's Office and those for retroactive relief against Deputy District Attorney Lieberman in his official capacity are barred by the Eleventh Amendment. The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Further, "the eleventh amendment bars actions against

state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. University of California, Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. In California, a district attorney is a state official when acting within his or her prosecutorial capacity, and the Los Angeles County District Attorney's Office acts as a state office with respect to actions taken in connection with a criminal prosecution. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (a district attorney's office "acts as a state office with regard to actions taken in its prosecutorial capacity, and [it] is not subject to suit under § 1983"); *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008).

Further, plaintiff's claims for damages against Deputy District Attorney Lieberman in his individual capacity appear to be barred by absolute immunity. Individual prosecutors are entitled to absolute immunity from damages liability when they engage in activities "intimately associated with the judicial phase of the criminal process," such as the prosecution and presentation of the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976). This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler*, 424 U.S. at 427. However, it is the nature of the function performed, not the role or title of the actor that determines the scope of absolute immunity. *See Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has emphasized this functional approach for determining when public officials may claim absolute

immunity under § 1983"). Here, plaintiff's claims against Deputy District Attorney Lieberman all arise from acts undertaken by the Deputy District Attorney in initiating, preparing for, or presenting a criminal prosecution against plaintiff. Prosecutorial immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009) (discussing circumstances under which prosecutors are entitled to absolute immunity while acting as "an officer of the court"); *Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013) ("prosecutors have absolute immunity under § 1983 for a decision to initiate a criminal prosecution").

Finally, to state a federal civil rights claim, a plaintiff must allege that the named defendant deprived him of a right guaranteed under the United States Constitution or a federal statute, and that the "deprivation was committed by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis and alteration in original). "[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("under § 1983, local governments are responsible only for their *own* illegal acts" (emphasis in original, internal quotation marks omitted)). In order to state a claim arising from the execution of a local entity's

policy or custom, plaintiff must set forth factual allegations to show that the execution of a specific policy, regulation, custom or the like was the "actionable cause" of any alleged constitutional violation. *See, e.g., Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for and proximate causation").

Here, plaintiff alleges that the City "neglected to inform and protect" plaintiff, "recklessly endangered" him, and negligently failed to inform the "public" about "vehicles that fly in [sic] low altitudes." Plaintiff also alleges that the City failed to warn the public about actions taken in connection "with a ring of celebrity home burglaries" and that helicopters were used in residential areas causing a "disterbance [sic] of peace" and "sleep fragmentation" or "death." Plaintiff alleges that he "has been subjected to violent and mentally deterioriating [sic] circumstances" in connection with his pending criminal case. (ECF No. 1 at 5-6, 14, 17.)[3] The Court discounts plaintiff's conclusory statements concerning the City in determining the plausibility of any claim alleging a violation of a right guaranteed under the United States Constitution or a federal statute. *See, e.g., Salameh*, 726 F.3d at 1129. Thus, as currently pled, plaintiff's Complaint fails to allege any claim against the City that has an arguable basis in either fact or law, and plaintiff's factual allegations concerning actions taken by the City appear frivolous because they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

///

///

---

[3] Although plaintiff also alleges that a "trial judge retaliated against the plaintiff," he does not name any judge as a defendant. (ECF No. 1 at 17.) Moreover, even if plaintiff had named a trial judge in connection with the state court proceedings against plaintiff, any judge would be entitled to absolute immunity from suit for actions taken in his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

IT THEREFORE IS ORDERED that, on or before **June 30, 2020**, plaintiff shall show cause in writing why:

(1) Plaintiff's claims seeking injunctive relief against all defendants pertaining to the state criminal charges pending against plaintiff or the state's finding that plaintiff is incompetent to stand trial should not be dismissed pursuant to *Younger*;

(2) Plaintiff's claims for monetary damages against Deputy District Attorney Lieberman should not be dismissed as barred by absolute immunity;

(3) Plaintiff's claims against the Los Angeles County District Attorney's Office should not be dismissed as barred by the Eleventh Amendment; and

(4) Plaintiff's federal civil rights claims for monetary damages against the City of Los Angeles should not be dismissed as frivolous.

**Plaintiff's failure to respond to this Order to Show Cause in writing may be deemed by the Court as plaintiff's consent to the dismissal of this action without prejudice.**

IT IS SO ORDERED.

DATED: 5/11/2020

_____
ALEXANDER F. MACKINNON
UNITED STATES MAGISTRATE JUDGE